**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DWAYNE J. BOOTHE,
Plaintiff-Appellant,

v.

RICHARD R. RIDDLE, Director;
MURIEL K. OFFERMAN, Secretary;

No. 97-7753

CHRISTY B. HICKS, Enforcement
Officer and any or other unknown
parties in their official and
individual capacity, et al,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-97-746-5-BO)

Submitted: May 19, 1998

Decided: June 19, 1998

Before WILKINS and NIEMEYER, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Dwayne J. Boothe, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dwayne Boothe appeals the district court's order dismissing his action filed under 42 U.S.C. § 1983 (1994), as frivolous. Boothe alleges that the Defendants failed to provide him adequate notice prior to seizing his personal property to satisfy unpaid taxes levied under North Carolina's Controlled Substance Tax ("Drug Tax"), N.C. Gen. Stat. §§ 105-113.105 through 105-113.113 (1997), in violation of his due process rights. This court recently held that the enforcement of North Carolina's Drug Tax must conform to the constitutional safe-guards that accompany criminal proceedings. See Lynn v. West, 134 F.3d 582, 593 (4th Cir. 1998). Hence, due process now requires that those subject to Drug Tax enforcement proceedings receive adequate notice of the proceedings. We recognize that the district court did not have the benefit of this court's decision in Lynn when deciding this case, and thus we vacate the district court's order dismissing Boothe's claim as frivolous and remand for the district court to reconsider Boothe's claim in light of Lynn.

We dispense with oral argument because the facts and legal conten-tions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

2